UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Crim. No. 06-193 (RHK/AJB) |
| Plaintiff, | **ORDER** |
| vs. | |
| Carl Lee Richardson | |
| Defendant. | |

---

This matter is before the Court on Defendant's Motion to Dismiss Based on Denial of Speedy Trial (Doc. No. 63). For the reasons set forth below, the Court will grant Defendant's Motion, without prejudice to re-prosecution by the Government.

There does not appear to be any serious dispute that Defendant has not been brought to trial within 70 days of his arraignment, as required under 18 U.S.C. § 3161. The Government argues that certain time periods – such as those devoted to plea negotiations – *could* be excluded from the speedy-trial calculation, but it stops short of arguing that those periods *must* be excluded under Section 3161. (See Gov't Mem. at 4-5.) The Government also argues that the Court could have exluded certain other delays under the "ends of justice" provision of the Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(A), but the fact remains that the Court did not make "ends of justice" findings at the time those delays occurred. Simply put, the Court labored under the assumption (mistaken) that the parties would resolve this matter by way of a plea, and was not as attentive to the

Speedy Trial Act's rigors as it could have (and should have) been. Accordingly, it appears that the time limit in Section 3161 has lapsed, and Defendant's Motion must be granted. See 18 U.S.C. § 3162(a)(2) ("If a defendant is not brought to trial within the time limit required by section 3161 . . ., the information or indictment *shall* be dismissed on motion of the defendant.") (emphasis added).

Having concluded that the Indictment must be dismissed, should that dismissal be with or without prejudice? Pursuant to 18 U.S.C. § 3162(a)(2), the Court is directed to consider several factors in answering that question, including (1) the seriousness of the offense, (2) the facts and circumstances of the case that led to the dismissal, and (3) the impact of a re-prosecution on the administration of the Speedy Trial Act and the administration of justice. All three of these factors militate against dismissing the Indictment with prejudice.

First, the offense charged – possession of a firearm by a person having three or more "violent felony" convictions, in violation of 18 U.S.C. § 924(e)(1) – is serious. Indeed, the very nature of Section 924(e), which is predicated on a defendant's failure to be reformed by the criminal justice system and a continuing disrespect for the law, highlights the crime's seriousness. Moreover, both the statutory mandatory minimum sentence –15 years, see 18 U.S.C. § 924(e)(1) – and the Government's indication of Defendant's advisory Guidelines sentencing range were he to be convicted – 292 to 365 months (see Gov't Mem. at 7) – underscore that seriousness here.

Second, the facts and circumstances leading up to dismissal do not support precluding Defendant's re-prosecution.  The Speedy-Trial Act violation here is relatively insubstantial, which undermines Defendant's argument that he has been prejudice[d] from extended incarceration" before trial.  (Def. Mem. at 3.)  Indeed, the alleged prejudice – "strain" on Defendant's "family ties and friendships" (see id.) – would ordinarily result from any criminal prosecution.  Moreover, Defendant nowhere argues that preparation of his defense has been impacted in any way by the delay.  And, the violation occurred in this case in large part because of the Court's inattentiveness to Defendant's speedy-trial rights; there is no evidence of any attempt by the Government to gain a tactical advantage.  United States v. Koory, 20 F.3d 844, 848 (8th Cir. 1994) ("The circumstances do not favor dismissal with prejudice . . . where there is no showing that the [delay] was in reality an attempt to gain a tactical advantage for the government . . . .").  "When the delay is not attributable to the government, but to the court, dismissal with prejudice is not favored." United States v. Cardona-Rivera, 64 F.3d 361, 364 (8th Cir. 1995).

Finally, neither the administration of the Speedy Trial Act nor the administration of justice would be undermined by permitting re-prosecution.  There is no evidence of bad faith on the part of the Government; in the absence of such culpable conduct, dismissal with prejudice "would do little to deter or advance the administration of the [Speedy Trial] Act."  Cardona-Rivera, 64 F.3d at 364.  Moreover, this case is trial ready; the Government has indicated that it will seek to re-indict Defendant so that the trial can commence on the previously scheduled trial date.  And, Defendant has not argued that the

delay in commencing his trial has adversely impacted his ability to present his defense. The administration of justice, therefore, will not be impacted by re–prosecution. See United States v. Duranseau, 26 F.3d 804, 809 (8th Cir. 1994).

For all the foregoing reasons, it is hereby **ORDERED** that Defendant's Motion to Dismiss Based on Denial of Speedy Trial (Doc. No. 63) is **GRANTED WITHOUT PREJUDICE** to re-prosecution.[1]

Date: February  5 , 2007

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge

---

[1] At a hearing held on January 31, 2007, the Court informed the parties that it was inclined to grant Defendant's Motion, but that it planned to commence Defendant's trial on February 5, 2007, assuming the Government had secured a re-indictment that day. Defendant did not raise any objection to proceeding to trial on February 5, 2007 on a "new" indictment.